| DISTRICT COURT, DENVER COUNTY, COLORADO | DATE FILED: August 24, 2021 3:19 PM<br>FILING ID: B78C3E2C25DE6<br>CASE NUMBER: 2021CV32660 |
|---|---|
| Court Address:    1437 Bannock St.<br>                          Denver, CO 80202 | |
| Plaintiff:<br><br>**JESSICA STOCKMAN**<br><br>v.<br><br>Defendant:<br><br>**CF UNITED LLC, D/B/A PHILLIPS 66, A/K/A PHILLIPS 66 LOCATED AT 7680 PENA BLVD., DENVER, CO 80249** | |
| | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff:*<br>Phil Harding, #20411<br>Robert W. Kitzinger, #51182<br>Harding & Associates, P.C.<br>730 17th Street, Suite 650<br>Denver, CO 80202<br>Phone number: (303) 762-9500<br>E-mail: phil@hlaw.com<br>            rob@hlaw.com | Case Number:<br><br>Courtroom: |
| **CIVIL COMPLAINT AND JURY DEMAND** ||

        **COMES NOW** the Plaintiff, Jessica Stockman, by and through her attorneys, Harding & Associates, P.C. and for this Civil Complaint against Defendant, CF United LLC, D/B/A Phillips 66, A/K/A Phillips 66 located at 7680 Pena Blvd., Denver, CO 80249 ("Defendant"), alleges and avers as follows:

## JURISDICTION AND VENUE

1. At all times relevant to this action, Plaintiff Jessica Stockman was a resident of the State of Colorado, with an address of 3625 S. Verbena, #423, Denver, CO 80237.

2. At all times relevant to this action, Defendant is a foreign corporation licensed to business in Colorado with a local registered agent identified as C T Corporation System, 7700 E. Arapahoe Rd., Ste 220, Centennial, CO 80112.

**EXHIBIT A**

*Defendant's Notice of Removal*

3.  Venue is proper in Denver County, pursuant to C.R.C.P. 98(c) because the tort that gives rise to this action occurred in Denver County.

## FACTUAL ALLEGATIONS

4.  All other allegations contained in this Complaint are incorporated herein as if set forth verbatim.

5.  At all relevant times to this action, Defendant owned, maintained, and managed a Phillips 66 convenience store located at 7680 Pena Blvd., Denver, CO 80249 ("The Property").

6.  At all relevant times to this action, Defendant was responsible for making sure The Property was managed and maintained in a reasonably safe condition, and Defendant was responsible for ensuring that invitees at The Property were safe.

7.  All claims herein against the Defendant include its employees, assigns, contractors, and agents.

8.  On or about the afternoon of November 26, 2019 ("the time of the incident"), Plaintiff was walking into The Property after filling her car up with gas.

9.  After walking into The Property, Plaintiff walked towards the bathroom hallway where she slipped and fell on a large amount of water.

10. The water build-up created a slippery and dangerous condition in and near the bathroom hallway.

11. Defendant knew or should have known that this slippery condition was in and near the bathroom hallway.

12. Defendant unreasonably failed to warn, mitigate, clean, or otherwise make The Property and specifically, the area near the bathroom hallway, safe.

13. As a result of this slippery and dangerous condition, the Plaintiff slipped and significantly injured herself.

14. At or before the time of the incident, the Defendants took no action to remove the unnatural accumulation of water, or to warn others of the dangerous condition.

15. Plaintiff was not negligent in the above-referenced incident.

16. Plaintiff has not failed to mitigate his damages

## FIRST CLAIM FOR RELIEF

**Statutory Premises Liability Pursuant to C.R.S. § 13-21-115 against Defendant**

17. All allegations of this Complaint are incorporated herein by this reference as if fully set forth herein.

18. According to the Premises Liability Act and at all times pertinent to this Complaint, Defendant was a "landowner" at the time of the incident.  C.R.S. § 13-21-115(1) ("For the purposes of this section, "landowner" includes, without limitation . . . a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property.").

19. Defendant, as the landowners of the property and premises at issue, had a duty to use reasonable care to maintain the premises, including the bathroom hallway, in a reasonably safe manner at the time of the incident pursuant to C.R.S. § 13-21-115, and to use reasonable care to protect Plaintiff against dangers of which they knew or should have known.

20. At the time of the injury, the Plaintiff was a tenant of the Platform and an "invitee" pursuant to the Premises Liability Act. C.R.S. § 13-21-115(3)(c)(I).

21. Defendant knew or should have known that bathroom hallway was not maintained in a safe condition at the time of the incident.

22. Defendant knew, or should have known, that a dangerous condition existed on the premises at issue, namely that there was an unsafe and unnatural accumulation of water in and near the bathroom hallway.

23. The bathroom hallway where the incident occurred is an area that is open to patrons of the Property and is a common area of travel for such invitees.

24. Defendant knew, or should have known, that invitees, particularly those looking to use the restrooms at the Property would use the bathroom hallway.

25. It was foreseeable to Defendant that invitees, such as the Plaintiff, would be injured by the unnatural accumulation of water in and near the bathroom hallway.

26. Defendant was legally responsible for the condition of the premises or for the activities conducted or circumstances existing described herein and it, or its agents and/or employees, unreasonably failed to exercise reasonable care to protect the Plaintiff and others similarly situated.  Defendant failed to comply with its duties to the Plaintiff in the following respects, including, but not limited to:

      (a) Failure to remove the unnatural accumulation of a slippery substance in a common area;
      (b) Failure to warn of possible danger;

    (c) Failure to provide reasonable safety measures regarding The Property and the bathroom hallway;

    (d) Failure to properly train employees/contractors in appropriate and reasonable safety measures and maintenance as set forth above;

    (e) Failure to exercise reasonable care to prevent dangerous conditions on the stairwells and other access areas where tenants would be expected to be;

    (f) Failure to have in place procedures to protect the tenants and the public from dangers and hazards of public access areas.

27. Defendant unreasonably failed to exercise reasonable care and its agents and/or employees failure to warn of the unreasonable danger to its invitees of the hazardous condition and is liable to the Plaintiff for the damages caused.

28. As a direct and proximate result of the Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered physical injuries.

29. As a direct and proximate result of the Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, lost income, and other expenses.

30. As a direct and proximate result of the Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairments of quality of life.

31. As a direct and proximate result of the Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered temporary and permanent physical impairment and scarring.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A.    That judgment be entered in their favor and against the Defendant, for all damages to which they may be entitled, as provided by law, and as set forth above;

B.    An award for all costs permitted by law, including, but not limited to, filing fees, expert witness costs, deposition costs, photocopying expenses, exhibit costs, and costs and fees required for the prosecution of this action;

C.    Pre- and post-judgment interest; and

D.    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

PLAINTIFF DEMAND THAT THIS MATTER BE HEARD BEFORE A JURY OF HER PEERS.

Dated: August 24, 2021.

Respectfully submitted,
**HARDING & ASSOCIATES, P.C.**
 /s___Phil Harding_____
Phil Harding
Robert Kitzinger
Attorneys for Plaintiff

Address of Plaintiff:

3625 S. Verbena, #423
Denver, CO 80237

*In accordance with C.R.C.P. 121, Sec. 1-26, a duly signed copy of this document is on file with the office of counsel and will be made available to other parties or the Court upon request.*