IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02661-PAB

JESSICA STOCKMAN,

    Plaintiff,

v.

CF UNITED LLC d/b/a PHILLIPS 66 a/k/a PHILLIPS 66 located at 7680 Blvd., Denver, CO 80249,

    Defendant.

## SECOND ORDER TO SHOW CAUSE

    This matter comes before the Court on Defendant's Response to Order to Show Cause [Docket No. 13]. The Court issued an order to show cause on October 1, 2021 because it found that the allegations in the notice of removal, Docket No. 1, were insufficient for the Court to determine whether or not it had subject matter jurisdiction. Docket No. 10 at 4–5.

    As to plaintiff, the notice of removal states that "[p]laintiff is a Colorado resident under the laws of the State of Colorado, according to [p]laintiff's [c]omplaint." *See* Docket No. 1 at 2, ¶ 5 (citation omitted). Plaintiff's complaint states, "[a]t all times relevant to this action, [plaintiff] was a resident of the State of Colorado." Docket No. 1-2 at 1, ¶ 1. The notice of removal then states that "[p]laintiff is a citizen of Colorado." Docket No. 1 at 2, ¶ 6. Because residency is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), and only the latter is determinative of a party's citizenship, *see Whitelock v. Leatherman*, 460 F.2d 507,

514 (10th Cir. 1972), the Court found that the allegations of plaintiff's citizenship were not well-pled. Docket No. 10 at 4–5. The Court explained that, "[t]o establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id.* at 2 (quoting *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006)).

In response to the order to show cause, defendant has provided allegations that plaintiff is registered to vote in Colorado, that she works in Colorado, and that her primary vehicle is registered in Colorado. Docket No. 13 at 1–2. The Court finds that these allegations are sufficient to establish plaintiff's Colorado citizenship and will discharge the order to show cause as to plaintiff. *See Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices").

Plaintiff's response as to defendant, however, remains insufficient. The notice of removal states that "[d]efendant is a citizen of Delaware with its principal place of business in California. None of [d]efendant's members are citizens of the State of Colorado." Docket No. 1 at 2, ¶ 4. In the order to show cause, the Court explained that the citizenship of a limited liability company is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members. Docket No. 10 at 2–3 (citing *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.")). The Court found that defendant had neither identified its members nor

alleged each member's citizenship, both of which are required to establish the citizenship of an unincorporated entity. *Id.*

In response to the order to show cause, defendant states that it is a "foreign corporation incorporated in the state of Delaware with a principal place of business in California." Docket No. 13 at 2. However, the case caption reflects that, instead of being a corporation, defendant is a limited liability company. That fact is confirmed by defendant's disclosure statement, which indicates that "CF United, LLC is a Delaware limited liability company." Docket No. 2. Because defendant is a limited liability company, and not a corporation, defendant must identify each member of the LLC and each member's citizenship. Defendant's allegations are, therefore, insufficient to establish its citizenship.

Because the allegations regarding defendant's citizenship are not well-pled, the Court is unable to determine defendant's citizenship and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). It is therefore

**ORDERED** that, on or before **October 27, 2021**, defendant shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED October 13, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge